JAMES MAJORS v. STATE.

No. 24843. June 21, 1950.

No attorney for appellant of record on appeal.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of the unlawful possession of intoxicating liquor in such county, a dry area, and fined the sum of $100.00, and he appeals.

On or about the 26th day of August, 1949, Ed Hofacket and R. H. Kennedy, police officers, armed with a search warrant, searched the premises of the appellant for intoxicating liquors. They found one pint of whisky, two cases of beer, and ten cans of beer. The pint of whisky was found over a clothes closet under some clothes. The ten cans of beer were in the ice box, and two cases of beer were up in the attic. The whisky was found in the living room.

The "dryness" of the area where the liquor was possessed seems to have been amply established by the testimony.

The court's charge, upon which the case was submitted to the jury, appears to have been entirely satisfactory to the appellant, no objection appearing in the record as to such charge, and no special requested charges having been asked for.

Bill No. 1 complains that when the Policeman Kennedy was testifying on cross-examination, defense counsel asked him, "Mr. Kennedy, state to the jury in your opinion how long ten cans of cold beer would last in the business where it was being sold. In other words, was that a pretty cold stock, or do you think he should have had more than ten cans cold if he was selling beer there at these premises?" State's counsel objected to the question on the ground that it was opinion evidence, and

the court sustained the objection. This bill goes to the refusal of the trial court to permit the witness to answer the question. In the first place, we see no materiality in such question; and again, the bill is insufficient in that nowhere therein is it shown what the answer of the witness would have been had he been allowed to give his opinion. Authorities are so numerous that they need not be mentioned.

Bill No. 2 relates to the introduction of the fruits of the search of appellant's premises because of certain claimed defects in such warrant. We think the court's qualification disposes of any such defects, if such there be, because it is shown that both appellant and his wife testified to the possession of all the intoxicating liquor found in their home, claiming that they were rather heavy beer drinkers and had same for their own personal use. See 4 Tex. Jur., p. 586, sec. 414, et seq.

Bill No. 4 seems to have occurred during the cross-examination of appellant's wife, who testified: "We've never sold any beer before this offense." Whereupon the county attorney said, "That is, before," and immediately appellant moved for a dismissal of the case. The trial court sustained appellant's objection to the remark of the county attorney and instructed the jury not to consider the question of the county attorney for any purpose. We see no error shown therein.

Finding no reversible error shown in the record, the judgment is affirmed.